UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNEST HOWARD,

                Petitioner,                Case Number 2:11-CV-14919
                                                            Honorable Gerald E. Rosen

v.

TOM BIRKETT,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. §2254. On June 26, 2012, the Court granted Respondent's motion for summary judgment and denied the petition because it was filed after expiration of the statute of limitations set forth in 28 U.S.C. § 2244(d). Pending before the Court is Petitioner's motion for reconsideration. [Dkt No. 20]. For the reasons below, the Court denies the motion.

Local Rule 7.1(h) allows a party to file a motion for reconsideration. E.D. Mich. LR 7.1(h). However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Czajkowski v. Tindall & Associates, P.C.*, 967 F.Supp. 951, 952 (E.D.Mich. 1997). The movant must not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction of any such defect. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F.Supp. 426, 427 (E.D.Mich. 1997).

Petitioner asserts that the Court erred in granting summary judgment because it did not allow

him discovery to establish facts in support of an equitable tolling argument, and because under 28 U.S.C. § 2244(d)(1)(B), the period of limitations did not begin to run until after a state created impediment to filing the habeas petition was removed. Neither argument has merit.

First, Petitioner has not demonstrated that discovery would have aided him in establishing equitable tolling. Petitioner's underlying claim is that the trial court never acquired jurisdiction to conduct the plea proceeding. Petitioner states in his motion "his first real breakthrough was in the Wayne County Court Clerk letter, dated August 30, 2004. It established that the [state trial] court was not in possession of the Felony Complaint and/or sworn testimony or affidavits to support the charges, and could not provide them." Motion, at 10. Even accepting this allegation as true, Petitioner did not follow-up on this lead until he filed a motion for production of records in the trial court on January 10, 2007. Petitioner admits in his motion that the production of the transcripts was approved by the trial court that same month. Motion, at 11. However, Petitioner did not pursue the matter further until he filed a motion for relief from judgment in the trial court on March 15, 2010. In other words, Petitioner admits that it took him nearly six years to file for post-conviction relief in the state court after his "first real break-through." Petitioner alleges that the delay was due to the need for "help to assemble an argument." And that "he sought prisoner legal assistance, but was transferred to several facilities, preventing progress from being made." Motion, at 11.

These circumstances do not justify equitable tolling. The Supreme Court has held that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."*Holland v. Florida*, ___U.S.___, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). Petitioner has not identified any extraordinary circumstances that prevented him from complying with section 2244(d)(1). An

inmate's lack of legal training, poor education, or even his illiteracy does not give a federal court a reason to toll the AEDPA's limitations period. *Cobas v. Burgess*, 306 F. 3d 441, 444 (6th Cir. 2002). Nor does ignorance of the law justify equitable tolling. *See Allen v. Yukins*, 366 F. 3d 396, 403 (6th Cir. 2004); *Brown v. McKee*, 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002). These usual hardships faced by most prisoners seeking to pursue post-conviction review are simply not "extraordinary." Accordingly, Petitioner is not entitled to any equitable tolling on account of his inability to obtain legal or prisoner assistance in fashioning an argument to support his motion for relief from judgment.

Next, relying on § 2244(d)(1)(B), Petitioner asserts that the State created an impediment that prevented him from timely filing his habeas petition. "In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). "'Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition.'" *Winkfield v. Bagley*, 66 Fed. Appx. 578, 583 (6th Cir. 2003)(quoting *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 105 (D. Mass. 2001). Thus, to invoke this provision a petitioner must "'allege facts that establish that he was so inhibited by the state's action that he was unable to file and state a legal cause of action before the limitations period expired." *Winkfield*, 66 Fed. Appx. at 583 (quoting *Neuendorf v. Graves*, 110 F. Supp. 2d 1144, 1153 (N.D. Iowa 2000) (internal quotation omitted)). Further, as noted above, in order to be entitled to the benefit of § 2244(d)(1)(B), a petitioner must show not only that the state created an impediment to the filing of his petition, but also that the impediment was itself unconstitutional. *See Dunker*, 154 F. Supp. 2d at 104-05.

Petitioner has not shown that the state court's alleged failure to more timely provide him with

portions of the state record, or the Michigan Department of Corrections transferring him to another facility, violated the Constitution. As the Supreme Court noted in *United States v. MacCollom*, 426 U.S. 317 (1976), an indigent defendant has no constitutional right to a transcript absent a showing of need, *Id*. at 326, and most courts "have held that the actual filing of a habeas petition is a necessary prerequisite." *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993) (citing cases). Thus, Petitioner cannot show that any impediment in the discovery of his court records was unconstitutional. Nor has Petitioner alleged that his transfer to another correctional facility was unconstitutional. He is therefore unable to rely on § 2244(d)(1)(B). *See Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002); *Crawford v. Costello*, 27 Fed. Appx. 57, 59 (2d Cir. 2001).

Finally, the Court notes that Petitioner's underlying jurisdictional claim does not rely on facts outside of the state record. Petitioner has not adequately explained in any of his motions or responses why, with due diligence, he did not discover the basis for this claim much earlier. He alleges no exceptional circumstances that explain the nearly eight-year delay between the conclusion of his direct appeal and the filing of his state post-conviction proceeding.

Accordingly, Petitioner's motion for reconsideration is DENIED.

                                  s/Gerald E. Rosen
                                  Chief Judge, United States District Court

Dated:  August 28, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 28, 2012, by electronic and/or ordinary mail.

                                  s/Shawntel Jackson for Ruth A. Gunther
                                  Case Manager